**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JANEEN ACEY** and **AMBER HOPKINS,**
Individually, and on behalf of himself and other similarly
situated current and former employees,

       Plaintiff,

       v.                                             NO. _____

**AUTOGRILL GROUP, INC.,**
a Delaware Corporation, and
**HMS HOST USA, INC.,**
a Delaware Corporation,                             **FLSA Opt-In Collective Action**

       Defendants.                               **JURY DEMANDED**

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, Janeen Acey and Amber Hopkins, individually, and on behalf of themselves and other similarly situated current and former employee's, bring this collective action against Auto Grill Group, Inc. and HMS Host USA, Inc., and allege as follows:

**I.**

**INTRODUCTION**

1.     This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages, unpaid minimum wages, overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

1

## II.

## **JURISDICTION AND VENUE**

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause.

## III.

## **CLASS DESCRIPTION**

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid non-exempt food and beverage employees of HMS Host USA, Inc., employed in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV.

## **PARTIES**

5. Defendant, Autogrill Group, Inc. is a Delaware corporation with its corporate headquarters located at 6905 Rockledge Drive, Bethesda, Maryland 20817-1828. Autogrill Group, Inc. has been an "employer" or "joint employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Upon information and belief, Autogrill Group, Inc. is the parent company of HMS Host USA, Inc. According to the Tennessee Secretary of State, Autogrill Group, Inc. may be served through its registered agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

6. Defendant, HMS Host USA, Inc. is a Delaware corporation with its corporate headquarters located at 6905 Rockledge Drive, Bethesda, Maryland 20817-1828. Autogrill Group, Inc. and HMS Host USA, Inc. share the same corporate headquarters and have been an "employer" or "joint employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. HMS Host USA, Inc. owns and operates food and beverage franchises, such as Starbucks, Moe's and others, in major airports across the United States and in malls and travel centers located in the northeastern United States. Upon information and belief, Autogrill Group, Inc. is the parent company of HMS Host USA, Inc. According to the Tennessee Secretary of State, HMS Host USA, Inc. may be served through its registered agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7. Plaintiff Janeen Acey was a resident of this district and, was employed by Defendants as a non-exempt hourly-paid shift supervisor at Defendants' Starbucks franchises located within the Memphis International Airport, during the relevant period herein. (Plaintiff Acey's Consent to Join this collective action is attached hereto as Exhibit A.)

8. Plaintiff Amber Hopkins was a resident of this district and, was employed by Defendants as a non-exempt hourly-paid shift supervisor at Defendants' Starbucks franchises located within the Memphis International Airport, during the relevant period herein. (Plaintiff Hopkins' Consent to Join this collective action is attached hereto as Exhibit B.)

## V.

## ALLEGATIONS

9. Defendant, HMS Host USA, Inc. owns and operates hundreds of various food and beverage franchises throughout the United States.

10. The primary function of HMS Host is to sell food and beverage items to customers.

11. Defendants have been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).

12. Defendants employed Plaintiffs and those similarly situated and were responsible for setting and administering pay and overtime rates, including overtime pay during the relevant period of time in question.

13. The decisions regarding the compensation of Plaintiffs and other members of the class, and other terms of employment were made through a centralized management of Defendants' Headquarters located in Bethesda, Maryland under the direction and control of Defendants executives, officers and human resources personnel.

14. Defendants have had a centralized plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week ("budgeted labor") by providing special and favorable recognition to managers to stay within or below such "budgeted labor" on the one hand and, threatening and impacting the job security of those managers who failed to stay within such "budgeted labor" on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its food and beverage franchises which "budgeted labor," in turn, forced managers to expect, encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform unpaid "off the clock" work, as described herein.

15. At all times material to this action, Defendants have had a centralized plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock" to stay within its "budgeted labor" matrixes. Accordingly, Plaintiffs' and Class Members' claims are unified by a common ("off the clock") theory of Defendants' FLSA statutory violations.

16. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

17. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

18. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and its employees are engaged in interstate commerce.

19. Defendants have and continue to employ non-exempt hourly-paid workers whose primary duties are servicing customers, and preparing, cooking, and packaging food.

20. Plaintiffs and all other similarly situated persons are current or former non-exempt hourly-paid employees.

21. Defendants have and continue to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its food and beverage franchises.

22. At all times relevant to this action and, pursuant to Defendants' centralized, unified and uniform "budgeted labor" plans, policies and practices, in addition to shaving and editing Plaintiffs' time, Defendants have expected, encouraged, induced, condoned, required and, suffered and permitted, Plaintiffs and others similarly situated to perform work "off the clock" without compensating them at the applicable FLSA minimum wage rates of pay and overtime compensation, including the following "off the clock" work:

    (a) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to perform job duties "off the clock" before clocking-in to their scheduled shifts;

    (b) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to perform job duties "off the clock" after clocking-out of their scheduled shifts; and

      (c)    Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiffs and others similarly situated to perform job duties "off the clock" <u>on days</u> not scheduled for work duties;

23.    As a result of such uncompensated "off the clock" work time, Plaintiffs and others similarly situated are entitled to and, seek to recover, at least the applicable FLSA minimum wage rate of pay for all such unpaid "off the clock" hours and, also, for any applicable overtime hours at one and one-half times their regular hourly rate of pay for all hours in excess of 40 within weekly pay periods during all relevant times to this action, as required by the Fair Labor Standards Act.

24.    Defendants' timekeeping records do not reflect the aforementioned "off the clock" hours of Plaintiff and others similarly situated. As a consequence of Defendants' timekeeping records not reflecting actual hours worked, when the unpaid "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week, within weekly pay periods during all times relevant, are entitled to overtime compensation at one and one-half times their regular hourly rate of pay for all hours in excess of 40 within said weekly pay periods, as required by the FLSA.

25.    In addition to the previously mentioned work performed off the clock, Defendants regularly and routinely shaved and edited Plaintiffs' recorded time by clocking them out for breaks that were never taken, including breaks of less than 20 minutes, in order to stay within a corporate mandated labor budget that forbid overtime pay regardless of the actual hours worked.

26. The net effect of Defendants' aforementioned plan, policy and practice of expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to work "off the clock" without being compensated for such work is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby have enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

27. Therefore, Plaintiffs and others similarly situated are entitled and, hereby seek, to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid "off the clock" work, that is available under the Fair Labor Standards Act

28. Although at this stage Plaintiffs are unable to state the exact amount owed to him and other members of the class, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.

## **COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

30. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

31. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are at least thousands of individuals in the class.

32. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants at various food and beverage franchises and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for all the aforementioned "off the clock" hours worked at the applicable FLSA minimum wage and overtime rates of pay. As a result, the claims of Plaintiffs and Class Members are unified by a common theory ("off-the-clock claims) of Defendants' FLSA statutory violations.

33. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected, encouraged, induced and/or required to perform work without compensation;

- Whether Defendants condoned and/or suffered and permitted, Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendants clocked out Plaintiffs and class members without Plaintiffs knowing which resulted in Plaintiffs unknowingly working off the clock.

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable minimum wage for all work performed;

- Whether Defendants' failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- Whether Defendants edited or shaved Plaintiffs and other members of the class time to reflect less time than actually worked;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

34. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

35. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

36. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I

## **FLSA VIOLATIONS – UNPAID STRAIGHT WAGES**

### (On Behalf of the Class)

37. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 thru 36 above, as if they were fully set forth herein.

38. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

40. At all times relevant and based on the aforementioned allegations, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all hours worked, including the aforementioned unpaid "off the clock" work time, at the applicable FLSA minimum wage and overtime rates of pay.

41. Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods during all times relevant, have violated the FLSA.

42. Plaintiffs' and class members' unpaid "off the clock" claims are unified by a common theory of Defendants' FLSA violations.

43. At all times relevant, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked and for the aforementioned unpaid "off the clock" work time, at least at the applicable FLSA minimum wage and overtime rates of pay.

44. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class the applicable federal minimum wages for all hours worked and, for the aforementioned "off the clock" work time, they have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

45. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Defendants' willful FLSA violations, Plaintiffs and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
**(On Behalf of the Class)**

47. Plaintiffs, on behalf of themselves and other members of the class, repeats and re-alleges Paragraphs 1 through 46 above as if they were set forth herein.

48. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

50. At all times relevant herein, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class appropriate overtime

compensation for all of their hours worked and, for their aforementioned unpaid "off the clock" time, in excess of forty hours per week within applicable weekly pay periods.

51. During all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for the aforementioned unpaid "off the clock" work time in excess of forty (40) within applicable weekly pay periods, result in their claims being unified though a common theory of FLSA violations.

52. At all times relevant herein, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked and, for the aforementioned unpaid "off the clock" work time.

53. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class at the applicable federal minimum wage for all hours worked and, for the aforementioned unpaid "off the clock" work time, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, within applicable weekly pay periods, it has violated and (continues to violate) the FLSA, 29 U.S.C. § 255(a).

54. Due to Defendants' willful FLSA violations, as described above, Plaintiffs and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**COUNT III**

**FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE**
(On Behalf of the Class)

55. Plaintiffs, on behalf of themselves and other members of the class, repeats and re-alleges Paragraphs 1 through 54 above as if they were fully set forth herein.

56. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

57. Pursuant to Defendants' uniform compensation policies they have failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

58. Because of Defendants' failure to pay Plaintiffs and other members of the class for all hours worked and, for the aforementioned unpaid "off the clock" work time, Plaintiffs and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA for all hours worked.

58. At all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour for all hours worked and, for the aforementioned unpaid "off the clock" work, result in Plaintiffs and class members' claims being unified through a common theory of FLSA violations.

59. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all hours worked and, for the aforementioned unpaid "off the clock" work time.

60. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class for at least the applicable minimum wage rate for all hours worked and, for the

aforementioned unpaid "off the clock" work time, they have violated and continue to violate the FLSA.

61. Plaintiff and the other members of the class are therefore entitled, and hereby seek, to recover compensation for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiffs and other members of the class;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Count III, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

E. On Counts I, II and III an award of liquidated damages to Plaintiffs and other members of the class;

F. On Counts I, II and III an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

G. On Counts I, II and III an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

H. On Counts I, II and III a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated:  August 24, 2017

        Respectfully Submitted,

        *s/Gordon E. Jackson*

        Gordon E. Jackson (TN BPR #08323)
        James L. Holt, Jr. (TN BPR #12123)
        J. Russ Bryant (TN BPR #33830)
        Paula R. Jackson (TN BPR #20149)
        **JACKSON, SHIELDS, YEISER & HOLT**
        Attorneys at Law
        262 German Oak Drive
        Memphis, Tennessee  38018
        Tel:  (901) 754-8001
        Fax:  (901) 759-1745
        *gjackson@jsyc.com*
        *jholt@jsyc.com*
        *rbryant@jsyc.com*
        *pjackson@jsyc.com*

        Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees